995 So.2d 1126 (2008)
Albert J. PERRON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-427.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenney, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Albert Perron, appeals the trial court's order assessing payment of fees, costs, and attorney's fees following his prosecution and commitment under the Sexually Violent Predator Act. This court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A).
Perron was prosecuted by the state under the Sexually Violent Predator Act. The State sought Perron's involuntary commitment to the custody of DCF. Following a jury trial, Perron was found to be a sexually violent predator. After the trial court entered its order committing Perron to DCF custody, Perron's counsel informed the trial court that Perron had no objection to the imposition of an order assessing him with fees, costs and attorney's fees. The trial court asked Perron directly and he confirmed that he had no objection. Accordingly, the trial court entered a final judgment assessing a total of $2305.00 against Perron. Perron now timely appeals the trial court's order assessing fees and costs.
The state properly concedes there is no statutory authorization for the trial court's assessment of fees against Perron, and we agree. The Sexually Violent Predators Act holds DCF responsible for all costs incurred in such a proceeding. § 394.929, Fla. Stat. (2002). In Chapman v. State, this court confirmed that there is no statutory authority for a trial court to impose court costs and fees on the defendant in a case brought under the Act. 974 So.2d 625, 626 (Fla. 4th DCA 2008). We went on to explain that the involuntary nature of proceedings under the Sexually Violent Predators Act makes both the proceedings and the defendant's right to appointed counsel comparable to those in criminal cases, and thus, the trial court has no *1127 authority to impose costs or fees. 974 So.2d at 626.
Reversed.
KLEIN and STEVENSON, JJ., concur.